UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

EARL GENE GRANT
                                          PRISONER
    v.                    Case No. 3:06CV1063(RNC)(DFM)

JEFFREY McGILL, et al.

RULING AND ORDER

     The petitioner commenced this habeas corpus action by petition received by the court on July 12, 2006.  The court has issued an order to show cause directing that the respondents file their response on or before September 27, 2006.  Although the time for the response has not yet passed, the petitioner has filed five motions.

I.    Motion to Amend [doc. #5]

     In his first motion, the petitioner seeks leave to amend his petition to elaborate on his claim of ineffective assistance of counsel.  Because the respondents have not yet filed their response, the petitioner may amend his petition once as of right.  Thus, his motion to amend is denied as moot.

     The petitioner has not, however, submitted an amended petition containing all of the grounds for relief and supporting facts.  Before the court can consider the additional grounds for relief asserted in the motion to amend, the petitioner must file an amended petition containing all of his grounds for relief and supporting facts.

II.  <u>Motion for Court to Subpoena Records [doc. #6] and Motions for Disclosure [docs. ## 7 & 8]</u>

The petitioner next asks the court to subpoena the records of Natiera McLendon from Great Path Academy to enable the petitioner to learn who signed forms permitting Ms. McLendon to attend Temple University, to order that he be provided a transcript of the voir dire of his 2002 state court trial and to order his "material music copyright."

The court impartially adjudicates cases.  It does not conduct discovery.  If the court were to conduct discovery on behalf of a litigant, it would become an advocate for that litigant.  This is not permitted.  See <u>Donald v. Cook County Sheriff's Dep't</u>, 95 F.3d 548, 555 (7th Cir. 1996) (cautioning that court cannot advocate on behalf of pro se litigant, but should make every attempt to ensure that claims are considered on the merits).

Even if the court construes the petitioner's requests as seeking assistance in obtaining his own discovery, the motions should be denied.  Discovery in habeas actions is limited.  Rule 6 of the Rules Governing Section 2254 Cases provides that discovery is permissible "only if and only to the extent that the district court finds good cause."  <u>Murphy v. Johnson</u>, 205 F.3d 809, 814 (5th Cir.), <u>cert. denied</u>, 531 U.S. 957 (2000); <u>Celatka v. Carroll</u>, No. Civ. A. 03-548-GMS, 2004 WL 2283593, at *2 (D. Del. Sept. 28, 2004).  The petitioner has not indicated the relevance of any of the requests to this case.

The petitioner was convicted of three counts of sexual assault and one court of illegal sexual contact with a minor under thirteen years of age.  He challenges his conviction on the grounds of ineffective assistance of counsel, prosecutorial misconduct and abuse of judicial discretion.  The court cannot discern the relevance of the college admission of Ms. McLendon and possible music copyrights to the criminal conviction that is the subject of this petition.

In addition, the fact that the petitioner would like a copy of the voir dire transcript for his personal records does not warrant an order from this court.  The petitioner states that his request for a copy of the proceedings was denied by the state court.  He does not indicate that he was unable to order a transcript of the proceedings.  Thus, the court assumes that the petitioner was denied a free copy.  Because the petitioner does not challenge the composition of the jury, the  court cannot discern the relevance of the transcript to the petition.  Accordingly, the requests for discovery materials are denied because the court can not discern good cause to warrant discovery at this time.

III. <u>Motion for Intervention [doc. #9]</u>

Finally, the petitioner asks the court to inquire of the Department of Correction why he has not been transferred from Northern Correctional Institution to another correctional facility.  Again, the fact that the petitioner continues to be

housed at Northern Correctional Institution is irrelevant to the issue in this case, namely, the validity of his conviction. Thus, his motion is denied.  Should the petitioner wish to challenge the conditions of his confinement, he should do so in a civil rights action.

IV.  Conclusion

The petitioner's motion to amend [**doc. #5**] is DENIED as moot.  His motions for subpoena [**doc. #6**], disclosure [**docs. ##7, 8**] and intervention [**doc. #9**] are **DENIED.**

**SO ORDERED** this 14th day of September, 2006, at Hartford, Connecticut.

       /s/ Donna F. Martinez
      DONNA F. MARTINEZ
      UNITED STATES MAGISTRATE JUDGE